Filed 7/8/26  Williams v. State Personnel Board CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DEANNA WILLIAMS,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STATE PERSONNEL BOARD,<br><br>    Defendant and Respondent;<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Real Party in Interest and Appellant. | D085468<br><br><br>(Super. Ct. No. ECU001845) |

APPEAL from a judgment of the Superior Court of Imperial County, L. Brooks Anderholt, Judge.  Reversed with directions.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Jodi L. Cleesattle and Rishi S. Bhatt, Deputy Attorneys General, for Real Party in Interest and Appellant.

Alvin Gittisriboongul, Chief Counsel, for Defendant and Respondent.

Law Offices of Stephen J. Horvath and Stephen J. Horvath, for Plaintiff and Respondent.

## I. INTRODUCTION

The California Department of Corrections and Rehabilitation (CDCR) terminated Deanna Williams's employment, and the State Personnel Board (SPB) affirmed that termination. Williams sought review in the trial court through a petition for writ of mandate, which the trial court granted even though Williams never served SPB. CDCR appealed, arguing that the trial court should have dismissed the petition because Williams failed to join SPB, and that SPB did not abuse its discretion in upholding Williams's termination. SPB filed a respondent's brief, asserting the trial court lacked personal jurisdiction over SPB and that Williams's petition should be denied as untimely.

Assuming without deciding that the trial had personal jurisdiction over SPB, we find that Williams's petition is barred by Government Code[1] section 19630 because she failed to timely serve SPB. We therefore reverse the judgment and direct the trial court to enter judgment denying the petition.

## II. BACKGROUND

CDCR employed Williams as a licensed vocational nurse. In 2020, CDCR terminated Williams's employment based on her failure to account for 13 tablets of Tylenol-3, a controlled substance, during a six-week period in 2019.[2]

---

[1] All further undesignated statutory references are to the Government Code.

[2] Tylenol-3 contains codeine.

2

Williams appealed to SPB.[3] After a three-day evidentiary hearing, an administrative law judge entered a proposed decision affirming Williams's termination. SPB adopted the proposed decision and served the parties with its ruling on January 11, 2021.

On April 6, 2021, Williams filed a petition for writ of mandate requesting that the trial court vacate her termination. Williams incorrectly named CDCR as the respondent in her petition. In her opening and reply briefs supporting her petition, Williams named SPB as respondent, and CDCR as real party in interest.[4] In that briefing, Williams asked the trial court to review SPB's decision and to issue a writ commanding SPB to reinstate Williams and to reconsider the proper penalty.

Williams served CDCR with her petition, but she did not serve SPB. CDCR opposed the petition as real party in interest, arguing that SPB did not abuse its discretion in affirming Williams's termination. The trial court provided notice of the hearing on the petition, which it served on CDCR and Williams.

The trial court heard the matter on August 9, 2023, with no appearance from SPB. The trial court issued a ruling granting the petition on August 22, 2023. Finding SPB's determination to be an abuse of discretion and unsupported by substantial evidence, the trial court vacated Williams's

---

[3] " 'Our state Constitution contemplates that SPB shall be the forum in which civil service disciplinary cases are first adjudicated.' " (*Barber v. State Personnel Bd.* (2019) 35 Cal.App.5th 500, 510.)

[4] There is no dispute that SPB is the proper respondent in Williams's petition. "SPB's decision may be reviewed in the trial court by filing a petition for a writ of administrative mandate, which may be brought only 'for the purpose of inquiring into the validity of any final administrative order or decision.' " (*Barber v. State Personnel Bd., supra,* 35 Cal.App.5th at p. 510.)

termination and remanded the matter to SPB to reconsider a disciplinary penalty consistent with the court's findings.

On April 4, 2024, SPB filed an "Entry of Special Appearance of The [SPB] on Motion to Set Aside Void Judgment and Dismiss Action." In that motion, SPB argued that Williams never served SPB with her writ petition; therefore, the court's order granting the petition was void for lack of personal jurisdiction. Additionally, SPB requested an order dismissing Williams's petition without leave to amend, arguing that Williams did not serve SPB within the applicable statute of limitations.

The trial court heard SPB's motion on May 9, 2024, determining that "there is no writ or judgment filed so there is nothing to set aside."[5] SPB then asked for the case to be dismissed. The trial court denied that motion and directed Williams's counsel to prepare a proposed judgment.

On October 9, 2024, the trial court entered judgment granting the petition and issuing a writ commanding SPB to reconsider a proper penalty. CDCR's timely appeal followed.

### III. DISCUSSION

"Any petition for a writ challenging a decision of the [SPB] shall be filed within six months of the date of the final decision of the [SPB]." (§ 19630.) However, such an action "shall not be brought" unless it is "commenced *and served* within one year after the cause of action or complaint or ground for issuance of any writ or legal remedy first arose." (*Ibid*., italics added.)

SPB entered its order in Williams's case on January 7, 2021. That order became final on January 11, 2021, when SPB served its decision on the

---

5    The trial court's reasoning for this ruling is unclear.

4

parties.  (Cal. Code Regs., tit. 2, § 51.6.)  Williams therefore had to file and serve her writ petition by January 11, 2022.

Williams filed her writ petition on April 6, 2021, but she did not serve it on SPB or provide SPB with notice of the hearing.  Additionally, even if SPB generally appeared in the trial court when it moved to set aside the judgment, that was on April 4, 2024, which was over two years after the time for service expired.  (*Sprague v. County of San Diego* (2003) 106 Cal.App.4th 119, 130–131 [appearance after expiration of limitations period does not waive statute of limitations defense].)

Accordingly, Williams did not timely serve SPB, and her petition is barred by section 19630.  The trial court therefore erred in granting the petition, and the judgment is reversed.

## IV. DISPOSITION

The judgment is reversed. The trial court is directed to enter judgment denying Williams's petition as barred by section 19630. Williams is to bear costs on appeal.

RUBIN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

BUCHANAN, J.